Frank J. Kronenberg, J.
Petitioner has instituted an article 78 proceeding against the respondents, seeking:
1. An ordep canceling the civil service examination to be held on November 8, 1969 or directing the New York State Civil Service Commission; Donald Neff, Erie County Personnel Officer; and the Village of Kenmore, and their officers and agents, to take the necessary steps to effect cancellation of the said examination, or in the alternative,
2. An order temporarily enjoining and restraining the respondents and their officers and agents from the administration of the examination scheduled for November 8, 1969 until such time as a proper notification of examination can be made deleting therefrom any reference to or use of a personal rating.
3. An order directing that the examination be rescheduled or in the alternative that a new examination he scheduled with proper notice given.
4. An order directing the respondents and their officers and agents to eliminate the performance rating from the total score on the civil service competitive examination with regard to the parties to the employment contract, the Village of Kenmore, its officers or agents, and the Kenmore Club, Police Benevolent Assn., Inc., and directing that all further examinations be had in accord with the provisions of the employment contract between the parties.
*687 First, as to the question of whether or not this court can direct respondents to eliminate the performance rating from the total score in the civil service competitive examination to be given on November 8, 1969.
The petitioner and respondent, the Village of Kenmore had heretofore entered into a contract of employment stating among other things: ‘ ‘ Except as otherwise required by statute, rule or regulation governing the Civil Service, personal ratings shall not be used to affect competitive rating or rank.” (Art. VII, p. 6.)
Petitioner alleges that ‘ ‘ contrary to the express terms of the contract between the parties, a New York State Department of Civil Service, County Competitive Promotion Examination has been scheduled to be given to members of the Village of Kenmore Police Department on November 8, 1969, wherein a personal performance rating is contemplated as a part of the competitive examination ”.
The court must make it immediately clear that it cannot and will not prevent the holding of said examination which apparently is being held in conjunction with similar examinations throughout the State on November 8, 1969.
The only question presented here in the opinion of the court, is whether or not the respondents after the giving of the test, should be precluded from using a personal performance rating in compiling the final score in the tests given to the Kenmore Police.
Respondents, the Civil Service Commission and the County of Erie Personnel Officer argue that the petitioner is not an aggrieved party and therefore does not have any ground for instituting this proceeding. Be that as it may, petitioner does have an employment agreement with the Village of Kenmore, which entitles it to an adjudication of its rights under said agreement.
Petitioner alleges that1 ‘ The Village has called for an examination which contains a personal performance rating of 20% ”. This would infer that the village had deliberately violated its agreement with the petitioner, but this is not so. The village called for an examination and nothing more and the State Civil Service Department as agent for the Erie County Personnel Officer pursuant to the provision of subdivision 2 of section 23 of the Civil Service Law, and as such, the Rules and Regulations of the Civil Service Department and Commission prevail in connection with the preparation, construction and rating of such examinations.
The procedure to be followed in such matters has been clearly *688 defined and has been followed by the appropriate authorities. (See Civil Service Law, § 52, subd. 2; § 140, subd. 2; Village Law, § 188-c.)
There is no provision in the Taylor Law (Civil Service Law, § 200 et seq.) which authorizes the Village of Kenmore and the Kenmore Club, Police Benevolent Association, to agree upon how the Personnel Officer of Brie County and/or the State Department of Civil Service shall prepare and conduct any civil service examination.
Furthermore, does not article VII at page 6 of the agreement between petitioner and the village recognize the right to prescribe the use of “personal ratings” by “statute, rule or regulation governing the Civil Service ’ ’ ?
This court finds first that petitioner has no legal right to prescribe the terms of the examination in question and furthermore, if it had a right to so do it could not interfere because of article VII (p. 6) of its agreement.
Consequently, petitioner’s application must be and hereby is denied and its petition dismissed.