Hamilton Ward, J.
This is a petition by way of an order to show cause for an order or judgment pursuant to article 78 of the CPLR granting to the petitioners and others similarly situated the following relief:
“ 1. An order cancelling the Civil Service examination which was held on November 22,1969, or, directing the respondents to take the necessary steps to effect cancellation of the said examination, or in the alternative,
‘ ‘ 2. An order directing a new examination be scheduled in accordance with the provisions of the above referred to contract,
“ 3. An order granting such other and further relief as may be just. ’ ’
(Language of relief sought as appears in order to show cause granted by Justice James O. Moore on December 16, 1969.)
The contract referred to is an agreement between the City of North Tonawanda and Local 1333 of the International Association of Fire Fighters, AFL-CIO-CLC dated March 28, 1969, effective April 1, 1969-March 31, 1971 and signed on behalf of the City of North Tonawanda by Paul A. Rumbold, Mayor, and on behalf of Local 1333, etc. by petitioner Kervin J. Selover, president and Francis R. Molnar, secretary. Respondents Civil Service Commission of the State of New York and North Tonawanda Civil Service Commission are not signators to this agreement (hereinafter referred to as agreement).
This agreement arises from authority granted by the Legislature of this State for certain municipal employees to collectively bargain with their corporate employer concerning terms of their employment Civil Service Law (art. 14, added by L. 1967, ch. 392, § 2, eff. Sept. 1, 1967). This article is commonly referred to as the Taylor Act and will be so referred to herein.
As to the legality of the provisions of this agreement, the reach of this decision is limited to section 5.61 (3) therein which reads ‘ ‘ that examinations for all ranks above fire driver-fire fighter shall be open to all employees who have at least five (5) years of continuous service with the North Tonawanda Fire Department.” On the subject examination the North Tonawanda Civil Service Commission limited admissions to the promotional examination for the position of Deputy Fire Chief, City of North Tonawanda, to those members of the North Tonawanda Fire Department having (1) four years’ experience as an assistant fire chief in the North Tonawanda Fire Department and (2) six years’ experience as fire captain in the North Tonawanda Fire Department.
*690 As will appear below, .section 5.61 (3) of the above agreement is invalid and unenforceable. This section is a patent usurpation of the constitutional and statutory duty and obligation of the respondents North Tonawanda Civil Service Commission and the Civil Service Commission of the State of New York (N. Y. Const., art. V, § 6; Civil Service Law and Rules for the Classified Service) and is contrary to and in conflict with and destructive of the merit system provided by law in the State of New York.
The subject examination is a promotional examination governed by the provisions of subdivision 2 of .section 52 of the Civil Service Law and is prepared and rated by the New York State Department of Civil Service in accordance with .subdivision 3 of section 23 of the Civil Service Law. The authority of municipal civil service commissions to prescribe certain minimum qualifications in a promotional examination as here is authority granted by the Civil Service Law. The above agreement although arising from the Taylor Act can take no precedence under the above-mentioned provisions of the Civil Service Law. The Civil Service Law gives to the municipal commission the right to prescribe minimum training and experience qualifications for promotional examinations. No agreement between a municipal corporation and its employees although basically sanctioned by the Taylor Act has any precedence and makes no claim to any precedence over the Civil Service Law. This is recognized by the agreement itself by stating in section 5.61 that the examination will be “ pursuant to the applicable provisions of the Civil Service Law ” and “that the employer (City) .shall require certain things done only to the extent that it lies in the employer’s power.” It does not lie within the city’s power to dilute rights given the North Tonawanda Civil Service Commission by the Civil Service Law. The case of Kenmore Club, Police Benevolent Assn. v. Civil Serv. Comm. of State of N. Y. (61 Misc 2d 685), decided by Honorable Justice Fbaxk; J. Kboxeubeeg of this court and district on November 6, 1969, is an authority for this decision.
The holding here is that section 5.61 (3) of this agreement is invalid, surplusage, unenforceable and no bar to the subject examination.
Petition denied in all respects.