In the Matter of MARILYN L. JACKSON et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, *v.* ERSA H. POSTON et al., Constituting the Civil Service Commission of the State of New York, et al., Appellants.

Third Department, November 1, 1972.

*Louis J. Lefkowitz, Attorney-General (Douglas S. Dales, Jr.,* and *Ruth Kessler Toch* of counsel), for appellants.

*DeGraff, Foy, Conway & Holt-Harris* (*James D. Featherston-haugh* and *Harold G. Beyer* of counsel), for respondents.

*Elrich A. Eastman* for Careerists Society, Inc., *amicus curiae.*

REYNOLDS, J.   This is an appeal from a judgment of the Supreme Court, Albany County, granting petitioners' application, in a proceeding pursuant to article 78 of the CPLR, to direct respondents to strike certain material inserted in the 1970-71 announcement for the New York State Professional Careers Test and to enjoin them from making any appointments based upon the examination list for permanent appointments other than by the procedure set forth in subdivision 1 of section 61 of the Civil Service Law.

On or about October 1, 1970 the appellants issued an examination notice entitled " Professional Careers 1970-1971 " which stated in pertinent part as follows : " In order that New York State programs be truly responsive to all of the people of New York State and effectively relate to the changing problems of the State, it is essential that minority group members participate in the management of State programs in administrative and supervisory roles.   Therefore, in evaluating the education and experience of a candidate for certain positions filled through this examination, the individual's total life experience, as well as formal training, may be considered as a valuable asset to job performance.   In such cases, preference for appointment may be given to individuals who are successful in the examination and who have recognizable identification with Black or Spanish-speaking minority communities."   Special Term concluded that the act of the appellants in granting a preference to those who successfully pass the examination and who have recognizable identification with Black or Spanish-speaking minority communities is arbitrary and outside their statutory authority and the instant appeal ensued.

Section 6 of article V and section 11 of article I of the New York Constitution declare, in essence, that civil service appointments and promotions are to be made on the basis of merit and fitness determined as far as practicable by competitive examination, and that discrimination on the basis of race, color, creed, or religion by the State or any agency thereof is prohibited (see, also, Civil Service Law, § 50, subd. 1; Executive Law, § 296, subd. 1, par. [d]).   However, it has been held that experience with race, religions or ethnic problems may be considered in evaluating an individual for appointment or promotion to a civil service position, provided such experience can be shown to be reasonably related to job-performance ability

*(Matter of Council of Supervisory Assns. of Public Schools of N. Y. City* v. *Board of Educ. of City of N. Y.,* 23 N Y 2d 458; see *Griggs* v. *Duke Power Co.,* 401 U. S. 424; *Matter of Maye* v. *Lindsay,* 69 Misc 2d 276). Thus, where an individual's experience with a particular race, religious, or ethnic group is a bona fide qualification for the position to be filled, such experience may be considered with constitutional impunity. Still civil service appointments and promotions are constitutionally required to be made on the basis of merit and fitness determined as far as practicable by competitive examination. Merit and fitness should be measured by objective standards and, while concededly, determination of fitness for some positions cannot always be based on objectivity solely, examinations may be subjective only insofar as objectivity is impracticable or impossible *(Matter of Nelson* v. *Board of Examiners of Bd. of Educ. of City of N. Y.,* 21 N Y 2d 408; *Matter of Sloat* v. *Board of Examiners,* 274 N. Y. 367; *Matter of Fink* v. *Finegan,* 270 N. Y. 356). Here it is clear from the admonition in the notice of examination that "commitments will be made on the basis of a final interview", and from an affidavit of William J. Murray, Administrative Director of the State Department of Civil Service, annexed to appellants' answer that appellants seek to confer upon themselves the right, in establishing an eligible list for a particular position to be filled from the test, to subjectively determine whether the position would be better filled by the appointment of an eligible having recognizable identification with the Black or Spanish-speaking community and whether a particular eligible should be granted a preference because of his ability to identify with either minority community. This despite the fact that the appellants have not specifically indicated what positions they feel require, as an essential qualification, the ability to identify with the Black or Spanish-speaking community and more importantly that it has not been established that it is not possible to test objectively an eligible ability to identify with the Black or Spanish-speaking community. In fact, since the Court of Appeals indicated in *Matter of Council of Supervisory Assns. of Public Schools of N. Y. City* v. *Board of Educ. of City of N. Y. (supra,* pp 467–468) that qualifications such as "knowledge and relationship with disadvantaged communities, the cultural level there, the means and methods of securing increased parental involvement, [and] the ability to stimulate them and the community to engage in a broader based educational project" could be tested objectively and competitively, it would seem that the qualification

of ability to identify with Black or Spanish-speaking minority communities could also be so tested. Accordingly, Special Term properly concluded that appellants' reservation in the notice of examination of the right to test this qualification subjectively was improper and unlawful.

Finally, it is urged in the *amicus curiae* brief submitted by Careerists Society, Inc., that the grant of an absolute preference of Black or Spanish-speaking eligibles is sanctioned by Federal and State case law since it has the effect of eradicating past and future racial discrimination in employment for minority groups (see, e. g., *Chance* v. *Board of Examiners,* 458 F. 2d 1167; *Procelli* v. *Titus,* 431 F. 2d 1254). However, in *Griggs* v. *Duke Power Co.* (*supra,* pp. 430–431) the United States Supreme Court, interpreting title VII of the Civil Rights Act of 1964, which now applies to State and local governments, stated: "In short, the Act does not command that any person be hired simply because he was formerly the subject of discrimination, or because he is a member of a minority group. Discriminatory preference for any group, minority or majority, is precisely and only what Congress had proscribed. What is required by Congress is the removal of artificial, arbitrary and unnecessary barriers to employment when the barriers operate invidiously to discriminate on the basis of racial or other impermissible classification."

Accordingly, even if the challenged provision of the notice of examination is interpreted in the manner implicitly suggested by the Careerists Society, Inc., such an interpretation would be improper and unlawful.

The judgment should be affirmed, with costs.

HERLIHY, P. J., GREENBLOTT, SWEENEY and KANE, JJ., concur.

Judgment affirmed, with costs.