Bertram Harnett, J.
Offering of promotional advantage to police officers who have achieved desirable college credits seems a progressive social measure. Interesting recent works encompassing this observation include Cohen and Chaiken, Police Background Characteristics and Performance (1972); National Advisory Commission on Criminal Justice Standards and Goals, The Police, pp. 367-77 (1973); and The Challenge of Crime in a Free Society, A Report by the President’s Commission on Law Enforcement and Administration of Justice, pp. 110-112 (1967). New techniques, studies by experts, and experiences in other localities are often only learnable through classroom instruction. Study, integrated with on-the-job “ street ” experiential learning, can heighten improved and more sophisticated police practice designed to keep current with changing social conditions. This is the context of the present challenge to the Nassau County Police college credit program.
In 1969 (by its Resolutions Nos. 41/1969 and 435/1969), the Nassau County Civil Service Commission imposed a requirement of successful completion of two years of college in order to take promotional examinations for Captain held after January 1, 1973, and for Sergeant or Lieutenant held after January 1,1974. Later, on September 13,1973, the commission rescinded these two prior resolutions. In their place, it promulgated a table of point credits to be applied, in accordance with the number of college credits achieved, towards the passing examination scores of “ successful candidates ” in the three promotional categories. (See, id., Resolution No. 1118/1973.)
Patrolman Cliff W. Schmidt, also president of the Patrolmen’s Benevolent Association of the Police Department of the County of Nassau, Inc., has been with the county police force since 1961. He now brings this article 78 proceeding objecting to the Civil Service Commission resolution allowing credit for college courses in police promotional examinations.
He relies upon paragraph 7y (1) of the current 1973-4 Collective Bargaining Agreement, dated September 10, 1973, between the county and the Patrolmen’s Benevolent Association. That provision reads:
“7y (1) Promotional Examinations (Necessity of College Credits). Members of the bargaining unit herein who were appointed or actually serving in the Nassau County Police Department prior to January 1, 1970, shall not be required to have any college credits as one of the requirements to enable *437 them to take promotional examinations. They must fulfill all of the other requirements of the Civil Service Commission and of the Police Department of the County of Nassau and the laws of the State of New York. In the event the Nassau County Civil Service Commission does not approve of the foregoing, then promotional requirements as hereinabove set forth shall be adjusted as close to the aforesaid Civil Service Commission [sic] shall approve. (Emphasis supplied.)
There are a number of fatal deficiencies in Officer Schmidt’s position.
First, there is no necessary conflict between the new Civil Service Commission rule and the contractual provision. The 1973 commission resolution does not treat “ any college credit as one of the requirements to enable [police officers] to take promotional examinations,” as paragraph 7y (1) reads. Indeed, it rescinded the prior resolutions that did make college credit a precondition of examination taking. Now, all officers may take the examination without regard to their college experience, and it is only after examination passage that college credit is considered. To be sure, lack of college experience is a handicap in examination score competition, but it does not disqualify an aspirant from taking a test.
Second, the contract ban on college credit requirement is expressly subject to approval by the Civil Service Commission. Lacking such approval, examination requirements were to be “ adjusted as close to the [contract specification] Civil Service Commission [sic] shall approve ”. Resolution No. 1118/1973, adopted three days after the contract was signed, established the promotional effect of college credits achieved, and under the language of paragraph 7y (1), was imported into the collective bargaining agreement.
Indeed, the contract must so provide because the county and a public employee union do not have the authority to prescribe civil service promotional standards that conflict with or abrogate local commission rules. The State-wide civil service system in New York is created by the State Constitution (art. V, § 6) and administered by local commissions with statutory rule making powers. (Civil Service Law, § 17, subd. 1; § 20, subd. 1.) Each commission has the exclusive authority to adopt resolutions setting promotional standards within its jurisdiction, provided they conform to the statutory requisite of a competitive selection process based upon merit and fitness. (See Civil Service Law, § 52; Kenmore Club, Police Benevolent Assn. v. Civil Serv. Comm., 61 Misc 2d 685.) Nothing in the Taylor *438 Law (Civil Service Law, § 200 et seq.) changes this fundamental rule. (Matter of Selover v. Civil Serv. Comm., 61 Misc 2d 688, 690.) Indeed, Mr. Justice L. Kingsley Smith of this court, in a recent proceeding involving this very contract, held that whatever its prescribed promotional standards, the contract cannot override criteria established by the commission. (Matter of Carparelli v. Leonard, Oct. 24, 1973, Index No. 17118/1973.)
Accordingly, the commission’s rule allowing credit for college experience can be attacked only if arbitrary, discriminatory, or irrational (People ex rel. Moriarty v. Creelman, 206 N. Y. 570, 575-576) or, if inconsistent with the legislative objective of improving the civil service by securing and promoting employees of greater merit or ability. (Matter of Altman v. Lang, 44 Misc 2d 751, affd. 23 A D 2d 820, affd. 17 N Y 2d 464; see Matter of Jackson v. Poston, 40 A D 2d 19.)
There has been ample judicial sanction of promotional credit in the civil service system for college achievement. In 1939, the Court of Appeals upheld the Municipal Civil Service System of the City of New York, in providing point credit in police examinations for college educational and athletic training. (Matter of Thomas v. Kern, 280 N. Y. 236, rearg. den. 280 N. Y. 813.) Indeed, the Appellate Division, Second Department, in 1971, affirmed a judgment of Special Term upholding the validity of the two cited prior (now rescinded) resolutions in Nassau County, which, in far more drastic form, operated to exclude absolutely from promotion those who had not obtained the requisite two years worth of college credits. (Matter of Lecci v. Leonard, 37 A D 2d 801, leave to app. den. 326 N. Y. S. 2d 1025, cert. den. 405 U. S. 1065 [1972].)
According to the present record, .05 points are added to the pássing score for each earned credit, up to a maximum number of credits allowed; The permissible maximum progressively increases with time, from 64 credits in 1974, to 124 in 1979. No showing has been made, nor even a claim asserted, that the rate of tabular translation of college credits, into post-examination point credits for those who pass is unreasonable or irrational in scale.
On its face, the present resolution appears to be an improvement over its predecessors, and in no way unlawful. It has eliminated their exclusionary effect, but has retained an essential positive emphasis by rewarding officers in promotional credits for the initiative shown and self-betterment achieved through college credit obtainment. It permits a broad scale of point credit for completion of college courses, without any *439 minimum requisite. Through a Career Planning Fund program sponsored by the county and the Law Enforcement Assistance Program funded by the Federal Government, police officers may take college courses with only nominal cost to them and with appropriate adjustments in duty scheduling to allow for class attendance. The entire program appears salutary and without unreasonable impact. And, in the prior resolutions adopted over four years ago, there has been ample notice of promotional emphasis on college credit achievement.
Accordingly, the petition is denied, and judgment is granted pursuant to CPLR 7804 in favor of respondents dismissing the petition.