HON. VICTOR S. BAHON President, Civil Service Commission
This is in reply to your letter of August 6, 1976 in which you request my opinion concerning the legality of a proposed New York State open-competitive examination application form. The application, a copy of which is attached to your letter of inquiry, requires the examination applicant to provide information, inter alia, as to the applicant's date of birth, any presently-existing physical, mental, emotional or nervous conditions, sex, United States citizenship and New York State residency status, and military service record if veteran's credits are claimed.
You ask whether any of the questions in the application constitute an inquiry which violates the provisions of Human Rights Law, § 296, subd. 1(d).
Executive Law, § 296, subd. 1(d) provides as follows:
"§ 296. Unlawful discriminatory practices
1. It shall be an unlawful discriminatory practice:
 (d) For any employer * * * to use any form of application for employment or to make any inquiry in connection with prospective employment, which expresses directly or indirectly, any limitation, specification or discrimination as to age, race, creed, color or national origin, sex, or disability or marital status, or any intent to make any such limitation, specification or discrimination, unless based upon a bona fide occupational qualification; provided, however, that neither this paragraph nor any provision of this chapter or other law shall be construed to prohibit the department of civil service or the department of personnel of any city containing more than one county from requesting information from applicants for civil service examinations concerning any of the aforementioned characteristics for the purpose of conducting studies to identify and resolve possible problems in recruitment and testing of members of minority groups to insure the fairest possible and equal opportunities for employment in the civil service for all persons, regardless of age, race, creed, color, national origin, sex, or disability or marital status."
The authority for the New York State Civil Service Department to require applicants to file a formal application and to provide information as may reasonably be required touching upon the applicant's background, experience and qualifications for the position sought and his merit and fitness for public service is to be found in Civil Service Law, § 50, subd. 3. Under Civil Service Law, § 50, subd. 4, the State Civil Service Department and municipal Civil Service Commissions may refuse to examine an applicant who is found to lack any of the established requirements for admission to an examination or who among other disqualifications is found to have a physical or mental disability which renders him unfit for the performance of the duties of the position in which he seeks employment.
The key language in Executive Law, § 296, subd. 1(d) prohibits an inquiry "which expresses directly or indirectly, any limitation, specification or discrimination as to age, race, creed, color or national origin, sex, or disability or marital status". The application which you have provided does not directly or indirectly express such a limitation, specification or discrimination. Furthermore, it is important to note that section 296, subdivision 1(d) goes on to sanction the use of an application requiring the providing of such information for the purpose of conducting studies to achieve equal opportunities for employment in the civil service. In addition, my research of the decisional law in this area reveals that for certain limited purposes, an applicant's qualification such as experience with race, religious or ethnic problems (Matter of Jackson v.Poston, 40 A.D.2d 19 [3d Dept., 1972]), or an applicant's sex (Matter of Button v. Rockefeller, 76 Misc.2d 701 [Sup. Ct., Albany Co., 1973]), or an applicant's educational background (Matter of Schmidt v. Leonard, 77 Misc.2d 435 [Sup. Ct., Nassau Co., 1974]), or an applicant's ethnic and social background (Matter of Mader v. Poston, 68 Misc.2d 907 [Sup. Ct., Wyoming Co., 1972]) may be a valid consideration in the recruitment process depending upon the circumstances of each individual job situation.
In view of the mandate of Civil Service Law, § 50 and the guidance provided by the opinions cited above, it is my conclusion that the New York State Civil Service Department may properly ask the questions contained in the proposed application for open-competitive examinations.