Edward S. Conway, J.
These are two CPLR article 78 proceedings brought by petitioners which will be considered in one opinion by this court, in which petitioners seek judgment restraining respondent, Superintendent of the New York State Police, from appointing as State troopers any persons from the eligibility list in existence in any manner other than that prescribed by the Civil Service Law and the Constitutions of the State of New York and the United States, and to remove all persons appointed by respondent in violation of the Civil Service Law and said Constitutions, and directing that new appointments be made from the existing eligibility list pursuant to the Civil Service Law.
On July 22, 1975, the Division of State Police announced that a competitive examination for the position of trooper would be conducted on September 20, 1975. The examination *414 was in two parts: a written examination, given a relative weight of 65%; and a physical performance test, assigned a relative weight of 35%.
The announcement of the examination also contained the general information as to qualifications as follows:
“Candidates must be at least 20 years old on the date of the examination and must be between the ages of 21 and 29 at the time of an appointment. The maximum age of 29 may be extended up to six years for military service.
“The basic requirements for a trooper include a high school or equivalency diploma, United States citizenship at the time of the examination, residency in New York State at the time of an appointment, a valid New York driving license and a year’s driving experience, and sound physical condition as determined by a medical examination prior to appointment. A conviction for a felony is an automatic bar to an appointment.”
Petitioner Ruddy took the written examination on September 20, 1975 and sometime thereafter took the physical performance test part of the examination.
Thereafter, petitioner Ruddy received notification from respondents informing him that he had received a total score of 93.8 and that his rank was 599 on the eligible candidates list of 3,627.
Thereafter, respondents announced that there would be 100 appointments made by February 21, 1977 and out of this number of 100, 25 minorities would be included (15 men from minorities and 10 women), and respondents would not depend on the ranking order in the examination process to select these 25, alleging that these proposed appointments were not being made solely on the basis of the ranking on the eligible list. Petitioner Ruddy and others similarly situated (whose names are mentioned in the title) commenced these proceedings by order to show cause restraining the superintendent from appointing any applicant who is a member of a minority group, who ranks in a position lower than petitioner.
The main issue to be decided is whether the appointment of the 15 male minorities and the 10 women violates section 6 of article V of the State Constitution, which states in part: "§ 6. [Civil service appointments and promotions; veterans’ preference and credits.] Appointments and promotions in the civil service of the state and all of the civil divisions thereof * * * *415 shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive”.
There is no question that section 6 of article V of the State Constitution requires the Superintendent of State Police to make appointments by open and competitive examination (Matter of Andresen v Rice, 277 NY 271; Executive Law, § 215). However, respondents contend that the phrase "as far as practicable” indicates that the Constitution did not intend examination scores to be solely determinate of fitness or competitive examinations as the exclusive method of selection, and as long as the examination includes the competitive element it does not violate section 6 of article V of the Constitution.
The respondents further contend that the demonstrated substantial interest of the State to arrive at more minority representation in the State Police, outweighs any reverse discrimination and constitutional objections.
The court cánnot agree with these contentions of the respondents, under the facts and circumstances presented herein.
Once the Superintendent of State Police decided to administer his own examination for the position of trooper, these examinations must be objective and competitive for all applicants in order to comply with section 6 of article V of the New York State Constitution (Matter of Andresen v Rice, supra). The announcement of the examination itself stated that it would be so. If the competitiveness of the examination is to be preserved pursuant to the Constitution, appointments must be according to the scores on the tests. By subjectively selecting persons for the position of New York State trooper because of an admirable goal of more minority representation in the State Police, without regard to standing on the eligibility list, respondent is depriving petitioners of their rights as mandated by the New York State Constitution (art V, § 6) and section 296 of the Executive Law. As the court held in Matter of Jackson v Poston (68 Misc 2d 590, affd 40 AD2d 19), administrative action intended to confer favor upon a few and to exclude others equally qualified under our law, is discriminatory, a denial of equality of privilege and opportunity, and of equal protection of the law.
The court concludes that the issue should be decided in the affirmative, and the proposed acts of respondents in granting *416 such a preference to the minorities is arbitrary and outside the statutory authority of the respondents.
The petition is in all respects granted.