OPINION OF THE COURT
Joseph D. Quinn, Jr., J.
In the current phase of a public sector labor dispute involv *284 ing the work assignments and job duties of deputies of the Sheriff of Dutchess County, petitioner, a labor union representing the employees of the Sheriffs office, and one Dennis O’Keeffe, a deputy affected, seek confirmation of an arbitrator’s award dated November 13, 1978. Respondents have made a cross application to vacate that award. At issue is whether the arbitrator violated public policy in making the determination. For the reasons given below, this question is answered in the affirmative.
On February 19, 1976, petitioner and respondents entered into a collective argeement under article 14 of the Civil Service Law, commonly known as the Taylor Law. By its terms, this argeement was made retroactive to January 1, 1975, and it expired on December 31, 1977.
Under this agreement, the prerogative to assign employees and to direct the working force was reserved to the employer, identified jointly as the county and the Sheriff. General reference was made in the contract to job specifications, descriptions and duties. It was provided that employees were to be given copies of such material when hired, and that they were to receive copies of any changes in job description and job duties when such changes were effected. In this connection, the agreement stated that "[ejmployees * * * [would] not be required to work outside of the job description against their wish except in case of emergency.”
Further, the contract specified that nothing therein should be construed to delegate "[t]o others the authority conferred by law on the sheriff or any county official, or in any way * * * [to reduce] or * * * [to abridge] such authority”.
Under the agreement, provision was made for the resolution of grievances in a procedure which culminated in (1) binding arbitration for matters covered by contract definition, and (2) advisory arbitration for matters not so included.
The following definition was given for a grievance in the contract. " 'Grievance’ shall mean, except where an alternate remedy is provided by law, any grievance (sic) concerning a claimed violation, misinterpretation, misapplication inequitable or otherwise, of the terms of this Agreement or the rights claimed thereunder, or any existing conditions of employment [which] shall be processed in accordance with the following procedure subject to binding arbitration. Any and all other grievances shall be subject to advisory arbitration (Emphasis supplied.)
*285 In the process of classifying the position of Deputy Sheriff, the Commissioner of Personnel of Dutchess County had established the character and scope of the duties of that title. According to his statement, the "[w]ork consists primarily of routine patrol tasks and civil process duties”. However, for the purpose of illustrating job duties encompassed by the position, the commissioner listed 15 examples of work in his manual. These examples are wide ranging and include the task of escorting prisoners to jail and to court and of having them booked on charges.
Subsequent to the expiration of the collective agreement, and during the month of April of 1978, Deputy Sheriff O’Keeffe was reassigned from patrol duty to transporting prisoners to and from the county jail and the county courthouse. On April 21, 1978, a grievance complaint was filed in O’Keeffe’s behalf, protesting his assignment to what was termed out-of-title work and branding this assignment as violative of the contract.
It appears that, for some unexplained reason, at the initial stage of grievance procedure, a member of the County Attorney’s staff catapulted the O’Keeffe grievance and two others of a similar nature into binding arbitration, by signing a written stipulation which accomplished just that.
At arbitration, respondents sought, without avail, to disavow this stipulation on the ground that it was entered into without knowledge or consent of the Sheriff, whose policy, it was said to be, was to eschew arbitration of claims under an expired agreement. Failing in this, respondents then called a technician from the office of the Personnel Commissioner. This witness testified to having participated in the position classification work involving the title of Deputy Sheriff, and he stated that prisoner escorting was an integral part of the job of a deputy. The arbitrator rejected this testimony and held that such duty was a function more properly carried out by other types of employees of the Dutchess County Sheriff’s office. On this basis, he sustained the grievance, determining that the protested assignment called for the performance of work which was outside of the scope of a deputy’s job duties. The arbitrator ordered immediate cessation of the reassignment.
In petitioning for confirmation of the award, the union urges that, even if it were to be conceded that the arbitrator had misjudged the job duties of the deputy’s position, such an *286 error of law or fact would not serve as a basis for disturbing the award.
By way of rejoinder, and in support of their cross petition to vacate the award, respondents argue that the grievance here is not arbitrable, since the whole business of classifying civil service positions and of determining job duties consistent with titles is reserved to the Commissioner of Personnel, who, in Dutchess County, has sole jurisdiction over administration of the Civil Service Law. In this regard, respondents say that any aggrieved employee may protest out-of-title work to the commissioner under local rules, and, if unsuccessful, may have resort to judicial review. They assert that, by his award, the arbitrator has usurped the commissioner’s authority and that he has thus violated public policy.
At the outset, it should be observed that the instant litigation could have been averted had the County Attorney not improvidently agreed to arbitrate and had the county and the Sheriff made timely application to stay arbitration on the grounds that the underlying claim here arose more than three months after contract expiration and that the arbitration clause of the expired contract was unenforceable. (Cf. CPLR 7503, subd [b]; Matter of Board of Educ. [Poughkeepsie Public School Teachers Assn.], 75 Misc 2d 931, affd 44 AD2d 598; Matter of Board of Educ. [Malone Cent. Teachers Assn.], 53 AD2d 417; Matter of Betts [Hoosic Val. Teachers Assn.], 86 Misc 2d 964.)
Moreover, respondents might better have raised the arbitrability question at the threshold rather than saving it until they were confronted with a petition to confirm.
Be that as it may, it appears that respondents willingly participated in the arbitration. And when parties voluntarily engage in arbitration, they may not be later heard to say that an award should be set aside because the controversy was not arbitrable. "By statute that question must be raised before arbitration, and if it is not it is deemed to be waived (CPLR 7503).” (Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578, 583.)
But, even, so, there is an exception to this general rule, and a challenge to the arbitratility of an issue on public policy grounds tiiay be made for the first time upon a motion to vacate an arbitrator’s award. (Cf. Hirsch v Hirsch, 37 NY2d 312, 315.)
New York’s policy, making merit and fitness the key to *287 appointments and promotions in the civil service of the State and all of its civil divisions, is formulated in section 6 of article V of the State Constitution. The Civil Service Law, in turn, represents action taken by the Legislature to implement the mandate of the Constitution in this area. (Matter of Wipfler v Klebes, 284 NY 248, 253-254.) At local option, the civil service system in the civil divisions or regions of the State is administered by municipal or regional commissions, or by personnel officers. (Civil Service Law, § 15, subd 1.) Dutchess County, which has a charter form of government, has long since elected to utilize the personnel officer form of administration and has designated its officer as Commissioner of Personnel. Each commission or personnel officer enjoys primary and exclusive authority over local civil service appointments and substantial autonomy ás to singularly local problems and solutions. (Cf. Matter of Caparco v Kaplan, 20 AD2d 212, 216.)
Thus, local commissions and personnel officers are solely empowered to classify positions in the civil service within their respective jurisdictions and to fix and allocate job duties consonant with such positions, and, consequently to determine whether a given employee’s work assignment is appropriate to his title or whether that assignment entails out-of-title duties. (Civil Service Law, § 2, subds 10, 11; § 17, subd 1; § 20, subd 1; §§ 22, 61, subd 2.)
The acts and decisions of commissions and personnel officers are executive in nature and are subject only to limited judicial review by way of mandamus. (Cf. Dillon v Nassau County Civ. Serv. Comm., 43 NY2d 574, 580; Slavin v McGuire, 205 NY 84, 87.) And, where there is fair and reasonable ground for difference of opinion as to the wisdom of a decision, the courts will not interfere with the judgment of the commission or officer. (Cf. Matter of Grossman v Rankin, 43 NY2d 493, 503-506.)
There is nothing in the Taylor Law which permits the parties to a collective bargaining agreement to confer on an arbitral tribunal the power to review the action of a county personnel officer. (Cf. Matter of Schmidt v Leonard, 77 Misc 2d 435, affd 45 AD2d 991, mot for lv to app den 35 NY2d 644.) Assuredly, public policy, stemming from the State Constitution and the Civil Service Law, forbids such action. (Cf. Matter of Cohoes City School Disk v Cohoes Teachers Assn., 40 NY2d 774, 778.)
*288 Nevertheless, the arbitrator, in making the disputed determination here, not only reviewed the position classification made by the Commissioner of Personnel, but, indeed, overturned his decision in that regard. Such action, too, violates public policy and warrants vacatur of the award.
Accordingly, the petition to confirm the award is denied, and the cross petition to vacate is granted.