■ In the Matter of Dutchess County Chapter, Civil Service Employees Association, Inc., Appellant, v Dutchess County et al., Respondents. — In a proceeding to confirm an arbitration award, in which respondents crosspetitioned to vacate the award, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated April 24, 1979, that denied the application to confirm and granted the cross petition to vacate. Judgment reversed, on the law, without costs or disbursements, petition to confirm granted and cross petition to vacate denied. On April 21, 1978 Dennis O'Keeffe, employed by the respondent county as a Deputy Sheriff since July, 1972, filed a grievance pursuant to a collective bargaining agreement between the petitioner and the county. The agreement was effective from January 1, 1975 to December 31, 1977; thus, the grievance was filed after the expiration of the agreement. O'Keeffe alleged a violation of that section of the agreement which provided that "Employees will not be required to work outside of the job description against their wish except in the case of emergency." O'Keeffe asserted that since April 17, 1978 he had been reassigned exclusively to the duties of transporting prisoners to the courthouse and supervising them. The agreement provided that: "Grievance shall mean, except where an alternate remedy is provided by law, any grievance concerning a claimed violation, misinterpretation, misapplication, inequitable or otherwise, of the terms of this Agreement or the rights claimed thereunder, or any existing conditions of employment [and] shall be processed in accordance with the following procedure subject to final and binding arbitration. Any and all other grievances shall be subject to advisory arbitration." At the commencement of the grievance procedure, petitioner and the county (represented by an Assistance County Attorney) stipulated to consolidate O'Keeffe's grievance with those filed by two other Deputy Sheriffs and to submit the grievances to arbitration. The other grievances predated the expiration date of the collective bargaining agreement. No stay of arbitration was sought by the respondents on the ground that petitioner's grievance was filed after the agreement expired. Following a hearing, the arbitrator found in

favor of O'Keeffe. The arbitrator determined that O'Keeffe was being "continuously assigned involuntarily to duties which are not within the scope of the various duties outlined in the job description for the Deputy Sheriff classification * * * [T]he Sheriff [is not barred] from occasionally and intermittently using Deputy Sheriffs for transporting or guarding prisoners who have to be in court. [One example in the job description of the work to be performed by a Deputy Sheriff is the transportation and guarding of prisoners.] The only impropriety is found where a Deputy Sheriff is continuously assigned to such duties." By the award, the continuous assignment was to stop. Petitioner moved to confirm and respondents cross-moved to vacate the award. Special Term denied the petition and granted the cross petition. The basis for so doing, stated the court, was that the arbitrator's determination violated public policy, for only the county personnel officer, under the Civil Service Law, had the right to classify civil service positions; logically, therefore, only that officer had the right to determine "whether a given employees work assignment is appropriate to his title or whether that assignment entails out-of-title duties." Reversal is required. Once a position has been classified and described (see Civil Service Law, § 22), an interpretation of whether a person hired for the position is in fact performing the duties described therein need not be made solely by the classifier. Stated differently, the interpretation does not establish a new position. Public policy is not contravened thereby, for the interpretation of the job description does not alter any responsibility vested by law in the Civil Service Commission (cf. *Matter of Port Jefferson Sta. Teachers Assn. v Brookhaven-Comsewogue Union Free School Dist.,* 45 NY2d 898, 899); nor does it override any criteria established by the commission. The fact that a different interpretation might have been rendered by a judicial tribunal does not provide grounds for vacatur (see *Binghamton Civ. Serv. Forum v City of Binghamton,* 44 NY2d 23, 30). Although vacatur of an award may be had on the ground that the award is violative of public policy *Board of Educ. v Yonkers Federation of Teachers,* 46 NY2d 727), an incantation of public policy "may not be advanced to overturn every arbitration award that impairs the flexibility of management of a school district" *(Matter of Port Jefferson Sta. Teachers Assn. v Brookhaven-Comsewogue Union Free School Dist., supra,* p 899) — which we read here as the "management of a county". If the county wished to be the sole interpreter of what a classified job entails, then it should not have, by the terms of its contract with petitioner, agreed that a grievance means "any existing conditions of employment" and have included in the contract a provision that no employee need work out of title. Such an agreement does not offend any public policy. Interpretation of a term or condition of employment is generally what arbitration in most public employee contracts is about. Lazer, J. P., Cohalan, Martuscello and Weinstein, JJ., concur. [99 Misc 2d 283.]