In the Matter of the Application of JACOB SIMONS, Respondent, for a Peremptory Writ of Mandamus against JOHN C. McGUIRE et al., Comprising the Municipal Civil Service Commission of the City of New York, et al., Appellants.

Civil service — New York (city of) — probation officer — question whether position is in competitive class must be left to the decision of the civil service commission.

1. The determination of a civil service commission in classifying positions in the public service, although involving the exercise of judgment and discretion, is more of a legislative or executive character than judicial or quasi judicial. Its action in making classifications is subject to a judicial control that is limited to such questions as may properly be reviewed in proceedings instituted by writ of mandamus. (*People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92, followed.)

2. It cannot be held as a matter of law that the position of probation officer, under section 96 of chapter 659 of the Laws of 1910, is one which cannot be properly placed in the competitive class of the civil service, and for that reason the question must be left to the decision of the civil service commission.

3. The use of the word "confidential," as used in the statute, is not controlling. Effect of amendment in one house of bill originating in another, by substituting word "confidential" for "exempt," considered with reference to construction of the statute.

*Matter of Simons* v. *McGuire,* 145 App. Div. 471, reversed.

(Argued January 8, 1912; decided January 23, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 23, 1911, which affirmed an order of Special Term granting a motion for a peremptory writ of mandamus to compel the defendants to place the position of probation officer for the Court of Special Sessions of the city of New York in the exempt class, and to certify the payroll of the petitioner for services rendered as such probation officer.

*Archibald R. Watson, Corporation Counsel (Terence Farley* of counsel), for municipal civil service commission of the city of New York, et al., appellants. The Constitution requires that all appointments and promotions in the civil service of the state, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness. (Const. art. 5, § 9; *People ex rel. Sweet* v. *Lyman,* 157 N. Y. 575.) A declaration by the legislature that a place is exempt will not be upheld if it is repugnant to article 5, section 9, of the Constitution. (*Matter of Keymer,* 89 Hun, 292; 148 N. Y. 219; *People ex rel. McClelland* v. *Roberts,* 148 N. Y. 360; *People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *Hale* v. *Worstell,* 185 N. Y. 247; *Matter of Seeley* v. *Stevens,* 190 N. Y. 158.) Every reasonable intendment, therefore, should be resolved in favor of the determination of the municipal civil service commission holding that the position of probation officer should be classified as subject to competitive examination. (*People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92.)

*Thomas Carmody, Attorney-General (Franklin Kennedy* of counsel), for state civil service commission, appellant. The legislature, by its declaration that probation officers should be deemed " confidential officers " did not intend to deprive the municipal civil service commission of its power, conferred by section 11 of the Civil Service Law, to classify such position in the competitive class if they found competitive examinations to be

practicable for the position. (*People ex rel. McClelland v. Roberts*, 148 N. Y. 360; *People ex rel. Sweet* v. *Lyman*, 157 N. Y. 368; *Matter of B., Q. C. & S. R. R. Co.*, 185 N. Y. 178; *Matter of City of New York*, 125 App. Div. 219; *People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92.) If it be held that the legislature did classify the position in the exempt class, then such classification is erroneous and unconstitutional. (*Hale* v. *Worstell*, 185 N. Y. 247; *People ex rel. Schau* v. *McWilliams*, 100 App. Div. 176.) The duly constituted administrative body charged with that duty having classified the position of probation officer in the competitive class, this court will not disturb such administrative discretion. (*People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92; *Chittenden* v. *Wurster*, 152 N. Y. 345· *People ex rel. Sims* v. *Collier*, 175 N. Y. 196.)

*Samuel H. Ordway* and *Albert De Roode* for Civil Service Reform Association. The legislature, by characterizing the position of probation officer as "confidential," did not intend to place it in the exempt class; even if it was intended, the legislature cannot in this manner classify the position as exempt. (*People ex rel. Chittenden* v. *Wurster*, 152 N. Y. 345; *Matter of Keymer*, 89 Hun, 292; 148 N. Y. 219.) Where a competitive examination to fill a position has actually proven practicable, the court should not direct the civil service commission to classify the position as exempt. (*People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92; *Matter of Sweeley*, 12 Misc. Rep. 175; 146 N. Y. 401; *Matter of Keymer*, 89 Hun, 292; 148 N. Y. 219; *People ex rel. McClelland* v. *Roberts*, 148 N. Y. 460; *People ex rel. Williams* v. *Errant*, 229 Ill. 56.)

*A. T. Clearwater* for state probation commission. The position of probation officer is not confidential in a sense to make competitive examinations impracticable. The special state probation commission carefully considered

the argument that the position of probation officer should be placed in the exempt class because of the claim that such officers stand in a confidential relation to the justices and magistrates, and stated its unanimous judgment on this question as follows: "This Commission is not of the opinion that the relation between the probation officer and the court is or should be confidential in the sense of being personal or private." (Report of State Probation Com. 81.)　There seems to be nothing in subdivisions 2 or 3 of section 11a of the Code of Criminal Procedure (which enumerates the powers and duties of probation officers) or in any other general probation law, to indicate any intrinsic confidential relationship between probation officers and the justices or magistrates under whom they serve.　The special state probation commission of 1905–06 gave particular attention to the qualifications needed in probation officers, and to the manner of their selection. (Report of State Probation Com. 83, 84.)　The results of civil service examinations for probation officer have been very satisfactory and justify the conclusion that, when properly conducted, competitive examinations afford a practicable test of the fitness of the candidates for appointment.

*A. I. Nora* and *Mitchell May* for respondent.　The law distinctly declares probation officers to be confidential and removable at pleasure, and it is not for the civil service commission to arbitrarily overrule or override the act of the legislature. (L. 1910, ch. 659, § 96; *Matter of Sherrill* v. *O'Brien,* 188 N. Y. 185, 198; *People ex rel. Carter* v. *Rice,* 135 N. Y. 473; *Matter of Baird* v. *Supervisors,* 138 N. Y. 95; *People ex rel. Berlinger* v. *Wells,* 85 App. Div. 378; *Matter of Keymer,* 148 N. Y. 219.)

Werner, J.　The Civil Service Law has been a prolific source of controversy and the subject of much judicial discussion.　Its genesis and development are now familiar history.　The principle which gave it birth is now imbed-

ded in our Constitution. Some of the earlier decisions which for a time stood as landmarks have been swept away by later legislation, or supplanted by more recent judicial views based in part upon a gradual and systematic evolution of the statute and in part upon a better understanding of its practical workings. The trend of the earlier cases reached its logical culmination in *People ex rel. Sims* v. *Collier* (175 N. Y. 196), where it was held that the duty of classification under the Civil Service Law was quasi judicial in its nature and was, therefore, not reviewable by mandamus but by certiorari as in other cases involving judicial functions. This was in 1903. Three years of experience under that decision demonstrated that this court had in effect assumed the functions of the civil service commissioners, for every challenged decision of these officers was brought to this court as a question of law. The case of *People ex rel. Schau* v. *McWilliams* (185 N. Y. 92), which came to us in 1906, very pointedly presented the unfortunate tendencies of our decision in the *Sims* case, and after mature deliberation we decided to retract our earlier views and held that the determination of a civil service commission in classifying positions in the public service, although involving the exercise of judgment and discretion, is more of a legislative or executive character than judicial or quasi judicial. The result of this conclusion in the *Schau* case is that the action of the civil service commissioners, in making classifications, is subject to a judicial control that is limited to such questions as may properly be reviewed in proceedings instituted by writ of mandamus. The illustrations given by Chief Judge CULLEN in that case clearly indicate the restricted range of review under the present rules: "If the position is clearly one properly subject to competitive examination, the commissioners may be compelled to so classify it. On the other hand, if the position be by statute or from its nature exempt from examination and the action

17

of the commission be palpably illegal, the commission may be compelled to strike the position from the competitive or examination class, though in such case redress by mandamus would often be unnecessary, as a valid appointment could be made notwithstanding the classification. *But where the position is one, as to the proper mode of filling which there is a fair and reasonable ground for difference of opinion among intelligent and conscientious officials, the action of the commission should stand, even though the courts may differ from the commission as to the wisdom of the classification.*" (p. 99.)

The case at bar aptly emphasizes the force of these observations. The question is whether the probation officers, to be appointed by the justices of the Court of Special Sessions in the city of New York, are to be placed in the exempt class or in the competitive class under the Civil Service Law. The respondent, one of the appointees, and the justices of the Court of Special Sessions, assert that the position of probation officer is one which, by reason of its peculiar and manifold duties as defined in section 11a of the Code of Criminal Procedure, no less than by the express terms of the statute creating the Court of Special Sessions and defining the duties and powers of its officers, belongs in the exempt class. This view has been sustained by the Supreme Court at Special Term and in the Appellate Division. The civil service commission, the probation commission, and some eminent experts who are familiar with the workings of each, contend that it is practicable to formulate workable rules for a competitive examination for the position of probation officer. This variance of opinion is alone sufficient to bring the case at bar within the rule laid down in the *Schau* case. The position is one " as to the proper mode of filling which there is a fair and reasonable ground for difference of opinion among intelligent and conscientious officials," and, therefore, " the action of the commission

should stand, even though the courts may differ from the commission as to the wisdom of the classification."

Counsel for the respondent urges, however, that the statute creating the office of probation officer for the Court of Special Sessions (L. 1910, ch. 659, sec. 96) declares that these officials "shall be deemed the confidential officers of the justices and magistrates," and that this is a legislative declaration that the office is to be placed in the exempt class, or at least that it is in effect a legislative classification. We shall not impute to the legislature any intent to override the Constitution or to nullify the Civil Service Law. The Constitution declares that "Appointments and promotions in the civil service of the State, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained so far as practicable, by examinations, which, so far as practicable shall be competitive * * *. Laws shall be made to provide for the enforcement of this section." (Art. 5, section 9.) Laws have been made for the enforcement of this section, and under the law, the civil service commissioners, who are the duly constituted authorities, are charged with the duty of classification. It would be unjust to ascribe to the legislature any purpose to evade either the Constitution or the Civil Service Law merely because this statute creating an inferior position describes it as confidential to another superior office. The history of the statute (L. 1910, ch. 659) plainly negatives any such intent. It originated in the assembly and, as at first framed, provided that "the offices of chief probation officer and probation officer shall be exempt from civil service examination." When the bill in this form reached the senate it was amended by striking out these words and inserting the words "the chief probation officer and all other probation officers shall be deemed the confidential officers of the justices." This change, instead of indicating that the legislature intended to place these positions in the exempt

class, would seem to imply that the question of classification was left for the civil service commissioners, to whom it had been previously delegated by the provisions of the Civil Service Law.

In the courts below much was made of the word "confidential" as used in the statute. That seemed to be one of the controlling considerations which led to the conclusion that the position of probation officer should be placed in the exempt class. The argument in that behalf in the opinions below is very full and able. Our answer is that we should not impute to the legislature the intent to accomplish by indirection a purpose which it has directly and explicitly repudiated. Had the legislature intended to place these positions in the exempt class, it would not have expunged from the bill the explicit declaration that these parole officers should be exempted from competitive examination, and have substituted the equivocal phrase that they "shall be deemed the confidential officers of the justices and magistrates."

The exhaustive and informing briefs with which we have been favored contain many suggestions which we have not overlooked. We have omitted them from the present discussion because experience has demonstrated that in cases of this character incidental references to non-essential details often tend to obscure the real point in issue. The point in the case at bar is that we cannot hold as matter of law that the position of probation officer, under section 96, chap. 659, Laws of 1910, is one which cannot be properly placed in the competitive class of the civil service, and for that reason the question must be left to the decision of the civil service commission.

The orders of the Special Term and the Appellate Division should be reversed and application denied, without costs.

CULLEN, Ch. J., HAIGHT, VANN, CHASE and COLLIN, JJ., concur; WILLARD BARTLETT, J., concurs in result.

Orders reversed, etc.