OPINION OF THE COURT
Cooke, J.
This case presents a challenge by attorneys in the competí *499 tive class of civil service to the exempt classification of the Assistant Corporation Counsel positions in the Law Department of the City of New York. At the time of the institution of this litigation, 278 attorneys in the Corporation Counsel’s Office were in the competitive class and 105 were classified as exempt. We hold that the positions under review were properly classified under the State Constitution and the Civil Service Law.
To begin with framework, the civil service in this State is divided into unclassified and classified service. The unclassified service is comprised of such persons, to name a few, as those holding elective offices, all officers and employees of the State Legislature, certain offices filled by appointment of the Governor, and various other offices and positions (see, generally, Civil Service Law, § 35). The classified service, on the other hand, is comprised of all offices and positions not included in the unclassified service and is divided into four classes designated as exempt, noncompetitive, labor, and competitive (Civil Service Law, § 40; see, also, §§ 41-44). This controversy concerns the correctness of classification of various positions as exempt, as a result of which neither competitive nor noncompetitive examinations are required to fill these positions. A position is classified as exempt when it is found that an examination of prospective candidates is not practicable.
Petitioner-plaintiff is employed by the Law Department as a lawyer and is in the competitive class with the permanent civil service title of attorney. Various other competitive class attorneys in the Law Department were permitted to intervene. The litigation was commenced on June 4, 1970 by service of what is styled here as a petition-complaint which seeks, inter alia, an order directing the Corporation Counsel to cease and desist from employing approximately 100 exempt class attorneys, a declaratory judgment that the actions of respondents are in violation of the State Constitution and Civil Service Law, and a declaration that the exempt class attorneys are not legally entitled to their positions and that their employment should be terminated forthwith.
Prior to trial, an order was made limiting review to consideration of 16 out of the 100 or more positions challenged. In addition, on December 29, 1972, Trial Term remanded the proceeding to the Civil Service Commission to amplify the basis of its determination that the 16 exempt class attorneys were properly classified and to conduct an investigation con *500 cerning the propriety of all the exempt class positions in the Law Department, focusing on the questions of whether Assistant Corporation Counsels should be classified in the exempt class and, if so, how many should be so classified. On June 3, 1974, the matter proceeded to trial.
Of the 16 positions considered, Trial Term upheld the commission’s classification as to 13. The positions determined to be properly classified were seven engaged in various types of litigation, two having responsibility for trial of real estate actions and proceedings and some drafting of legislation, three involving assistance to the Mayor’s legislative representative and work incident to proposed legislation concerning policy matters which involve a high degree of confidentiality, and one position to handle trial work in Criminal Court and Family Court. Those found improperly classified were two positions involving the preparation of appellate briefs and oral argument in all appellate courts, and one engaging in proceedings to review the assessed valuation of property. Having determined that the latter three positions were improperly continued in the exempt class, trial court remitted the matter to the Civil Service Commission for appropriate classification. Upon appeal, the Appellate Division modified, as to those found by the trial court to be improperly classified, holding that there was a rational basis for the determination of the Civil Service Commission finding that all subject exempt class positions of Assistant Corporation Counsel were proper and necessary to the effective administration of New York City’s legal affairs. For reasons that follow, we agree that the classifications were within statutory and constitutional confines.
Our Constitution provides that "[appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive” (NY Const, art V, § 6). Pursuant to an authorization in the Constitution, the Legislature has enacted section 41 of the Civil Service Law which provides (subd 1):
"The following offices and positions shall be in the exempt class:
* * *
"(b) the deputies of principal executive officers authorized by law to act generally for and in place of their principals;
*501 * * * ‘
"(e) all other subordinate offices or positions for the filling of which competitive or non-competitive examination may be found to be not practicable.”
Before determining whether the constitutional and statutory requirements have been satisfied, it is necessary to consider procedural and statutory arguments urged by petitioner and one of the intervenors. One assertion is a two-fold challenge to the Civil Service Commission’s method of compliance with the Civil Service Law, and the other concerns the burden of proof.
With respect to the time for compliance, within four months of the occurrence of a vacancy in an exempt position, the Civil Service Commission is required to study and evaluate such position and determine whether it is properly classified as exempt (Civil Service Law, § 41, subd 2). In this regard, it is asserted that the court below erred in assuming that the argument was that after the four-month period the commission was ousted of jurisdiction. Instead, it is urged that the commission’s failure to accomplish this task within the time set forth in the statute requires it to comply with procedures for classifying a newly created position involving notice and public hearings. Even if one were to accept the rather strained suggestion that this is not an ouster of jurisdiction, this argument is devoid of merit. The courts have repeatedly held that unless the language used by the Legislature shows that the designation of time was intended as a limitation on the power of the body or officer, the provision is directory rather than mandatory (Matter of Rochester Gas & Elec. Corp. v Maltbie, 272 App Div 162; see Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd., 35 NY2d 371, 380-381; see, generally, McKinney’s Cons Laws of NY, Book 1, Statutes, § 172; but see State Div. of Human Rights v Board of Educ., 53 AD2d 1043, affd 42 NY2d 862, where dismissal was based on repeatedly protracted and prejudicial delays by a particular administrative agency). While the commission should seek to comply in a timely fashion with the guidelines of the statute, it is recognized that delays may occur and that the time provision as drafted is merely directory.
With respect to the manner of compliance, after a vacancy occurs in a position in the exempt class, the Civil *502 Service Commission is required to determine "whether such position, as then constituted, is properly classified in the exempt class” (Civil Service Law, § 41, subd 2). As to this requirement, based on a statement at trial by the chairman, it is asserted that the commission has improperly studied and evaluated the position being filled by the incoming employee rather than the position occupied by the prior incumbent. First of all, this asserted irregularity is contradicted by the Civil Service Commission report which states that it evaluates the duties and responsibilities of the particular position as then constituted. But, even assuming the provision was not mechanically followed, for purposes of the positions in question, there was sufficient compliance. The purpose of this evaluation is to prevent the creation of new positions under the guise of continuation of a former position. However, in this circumstance, a new position has not been created merely because different responsibilities are assigned. (Cf. Matter of Ryan v City of New York, 228 NY 16, 19; People ex rel. O’Connor v Girvin, 227 NY 392.) The position of Assistant Corporation Counsel must be filled by an attorney and the fact that varying needs and developing areas of the law may require changing responsibilities does not show that a different position has been created. It is hardly the same as replacing a nonprofessional with one performing different tasks. At least as to these positions, the statute should not be so narrowly construed as to prevent the flexibility needed in a law department of this magnitude.
 The next contention is that the courts below erred in not finding that the burden of proof was on respondents to show that an examination was not practicable. This argument is also without merit. The general rule is that the burden is on the party asserting the affirmative of an issue (see Farmers’ Loan & Trust Co. v Siefke, 144 NY 354; 8 Carmody-Wait 2d, NY Prac, § 56:9). So here, in this proceeding in the nature of mandamus, petitioners have the burden of showing that respondent’s determination was arbitrary, capricious or affected by an error of law (see Matter of Rosner v Civil Serv. Comm., 38 AD2d 628; Matter of Mallen v Morton, 199 Misc 805, 812; see, also, Haberman v Codd, 48 AD2d 505, 508). Although an exemption from competitive exam is the exception to the general rule, the burden remains on the petitioners to show that the commission erred in its determination (cf. Murray v Narwood, 192 NY 172). The commissioner has found *503 that the position should be classified as exempt, and it is petitioners who seek affirmatively to overcome this determination. To aid in satisfying this burden, a de novo review of the basis for the administrative action was undertaken, and any competent and relevant proof is admissible to show that the underlying material on which the commission based its determination has no basis in fact (Matter of Mandle v Brown, 5 NY2d 51, 65; see 8 Weinstein-Korn-Miller, NY Civ Prac, pars 7803.10, 7803.11). In the instant matter, Trial Term allowed an ample range of proof with respect to the validity of the commission’s action, and we find no merit to the contentions that , the proof was improperly limited.
The crucial issue in this case is whether the commission properly found that it was not practicable to fill the position of Assistant Corporation Counsel by competitive examination. In considering this issue, our scope of review is limited. Long ago, in People ex rel. Schau v McWilliams (185 NY 92, 99), this court drew the following guidelines: "If the position is clearly one properly subject to competitive examination, the commissioners may be compelled to so classify it. * * * But where the position is one, as to the proper mode of filling which there is fair and reasonable ground for difference of opinion among intelligent and conscientious officials, the action of the commission should stand, even though the courts may differ from the commission as to the wisdom of the classification.”
This standard of review was not casually formulated; rather it was the result of experience with broad scrutiny. Earlier, in People ex rel. Sims v Collier (175 NY 196), it had been held that the duty of classification by the commission was quasi-judicial in nature and therefore was reviewable, not by mandamus, but by certiorari as in other cases involving judicial functions. However, as explained in Matter of Simons v McGuire (204 NY 253, 257), experience under the Sims decision demonstrated that the court had in effect assumed the function of a civil service commission with every challenged classification coming to the court as a question of law. To overcome what was viewed as inappropriate judicial interference, the court retracted its earlier position, realizing that the determinations of the commission, "although involving the exercise of judgment and discretion, is more of a legislative or executive character than judicial or quasi judicial” (p 257). Hence, in Schau (supra), the court reasoned that its review should be *504 limited to the type of questions that might be raised in proceedings in the nature of mandamus (see, also, People ex rel. Finnegan v McBride, 226 NY 252; Civil Service Commissions—Classification, Ann., 134 ALR 1103, 1116-1117). In short, unless the position is clearly one subject to competitive examination, mandamus will not lie for the sound reason that experience has shown that in these matters the court should not substitute its judgment for that of the commission.
In considering this question, the courts have for some time recognized that there are many positions for which competitive examinations are not practicable (see, e.g., Chittenden v Wurster, 152 NY 345 [1897]; People ex rel. Langdon v Dalton, 49 App Div 71, affd 163 NY 556). Furthermore, it has been accepted that some desired qualities cannot be measured (see Matter of Ottinger v State Civ. Serv. Comm., 240 NY 435, 442-443; Matter of De Luca v Gaffney, 282 App Div 607, 610-611 [Foster, J.]; cf. Barlow v Berry, 245 NY 500, 504). Of particular significance to this case, however, is the acknowledgment that classification of a position as exempt may be permissible even though other persons in the same title were classified in the competitive class. Thus, in Matter of Meenagh v Dewey (286 NY 292, 306), the court commented: "We may assume that the classification of twelve of the original sixty positions of process server in the exempt class, while forty-eight of the positions with that title were classified in the competitive class, was made because the Commission found that for the performance of some duties a few men were needed with special qualities for which an examination would furnish no practicable test. Ability to perform the routine duties of a process server would not prove fitness to perform those duties which, in the opinion of the Commission, could be performed only by men selected by the District Attorney because of their personal qualities.”
The underlying basis for petitioners’ argument that it is practicable to have a competitive examination for all Assistant Corporation Counsel positions is the claim that competitive class attorneys in the Law Department often do work comparable to that performed by those classified as exempt. In support of this assertion, at trial, petitioners sought to demonstrate that in many instances the work done by competitive and exempt class attorneys is identical, and that frequently those in the competitive class have been selected to fill slots requiring special skills and have been placed in positions of *505 great responsibility including those involving supervision of exempt class attorneys. The obvious flaw in this approach, as noted by Trial Term, is that the testimony of various witnesses showed that the competitive class persons assigned to positions of responsibility were not chosen because they had passed an examination, but rather because they had shown the sort of personal qualities and capabilities considered necessary to fill the position. These attributes included such intangibles as dedication to responsibility, conscientiousness, ability to interact with people, judgment and resourcefulness. In addition, some were selected because they had demonstrated experience or competence in their particular field.
Essentially petitioners’ argument is founded on an invalid assumption. It does not necessarily follow that because some competitive class attorneys perform the same functions as those in the exempt class that all competitive class attorneys possess the qualities desired in the position of Assistant Corporation Counsel. Furthermore, the fact that examinations are given to those in the competitive class is no assurance that such tests are the best or even an effective method of selecting attorneys. In . short, the logic of petitioners’ position stands and falls on the assumption that the quality of the competitive class is solely the result of choosing its members by competitive examination.
Respondents urge, on the other hand, that it would not be unreasonable for the Civil Service Commission to classify as exempt all attorney positions in the Corporation Counsel’s Office. This possibility, of course, is not before us, but it is not entirely without relevance. In prior cases our review has been guided to a certain extent by reference to the manner of classification by government units having similar responsibilities (see, e.g., Matter of Andresen v Rice, 277 NY 271, 279-280), and in this instance we take note that, for example, attorneys employed by various District Attorneys and United States Attorneys are classified as exempt.
To reiterate, in the final analysis, the focus of the court must be on whether "the position is clearly one properly subject to competitive examination” and that where "there is fair and reasonable ground for difference * * * the action of the commission should stand, even though the courts may differ from the commission as'to the wisdom of the classification” (People ex rel. Schau v McWilliams, 185 NY 92, 99, supra). The question of classification is for the commission, *506 and the court should not interfere with its judgment in situations where an argument can be made for either classification and the position is one for which there is a substantial variance of opinion (see Matter of Simons v McGuire, 204 NY 253, 258, supra; Matter of Neff v Falk, 10 AD2d 789; cf. Matter of Paroli v Bolton, 35 NY2d 772; Matter of Rooney v Rice, 274 NY 347). In light of the considerable testimony that examination for these positions is not practicable, it would be an unwarranted, and perhaps even irresponsible, intrusion on the decision-making process of the commission for this court to order reclassification here. As noted, the fact that some of those in the competitive class are utilized in positions also held by those in the exempt class does not mean that all members of the competitive class possess the qualities desired in the position of Assistant Corporation Counsel. Therefore, we conclude that petitioners’ argument does not have a firm foundation in logic or law, and does not justify interference with the administrative action.
Respondents also urge that the position of Assistant Corporation Counsel may properly be classified as exempt "deputy” positions pursuant to paragraph (b) of subdivision 1 of section 41 of the Civil Service Law. Petitioners, on the other hand, advising of certain changes in the city charter since the decision in Matter of Byrnes v Windels (265 NY 403), and distinguishing the facts and rationale for that holding, urge that the assistants may not be considered deputies. On this issue, we hold that, as to the positions under scrutiny, there has been no adequate showing that these assistants were authorized to act generally for or in place of the Corporation Counsel so as to allow classification as deputies.
In conclusion, although we find no basis for disturbing the determination of the commission as to the 16 positions considered by the courts below, we conclude that it was error to limit the review to those positions filled within four months of the commencement of the litigation (see CPLR 217). Since the petition charges a continuing failure of respondents to follow the command of section 6 of article V of the Constitution, the usual time limitations will not bar review of the other challenged positions (Matter of Cash v Bates, 301 NY 258, 261). The challenge to the° exempt classification is separate and apart from the problem of the relief to be given under the remedy of mandamus, and the extent of relief, if *507 any, to be granted can be considered at a future time (see Matter of Andresen v Rice, 277 NY 271, 282, supra).
Accordingly, the order of the Appellate Division should be modified, without costs, to the extent of remitting the matter to Trial Term to consider whether the other positions of Assistant Corporation Counsel were properly classified, and, except as so modified, affirmed.