OPINION OF THE COURT
 

 Chief Judge Breitel.
 

 In two separate CPLR article 78 proceedings petitioners seek to compel civil service reclassification of the positions of criminal investigators in the Nassau County and Orange County District Attorneys’ offices. The asserted ground in both cases is the confidential character of the work done by the investigators. Supreme Court granted judgment in favor of petitioners in both cases. The Appellate Division reversed and dismissed the proceedings. Petitioners appeal.
 

 Petitioner Dillon, the Nassau County District Attorney, seeks to annul the determination of the Nassau County Civil Service Commission denying his request to reclassify criminal investigators in his office, for appointment purposes, as "exempt” instead of "competitive” and "non-competitive”. Petitioner Stagliano, a provisional appointee to the position of Criminal Investigator in the Orange County District Attorney’s Office, seeks to compel the State Civil Service Commission to reclassify that position as "non-competitive” or "exempt”.
 

 The issue, common to both cases, is whether administrative refusal to reclassify all criminal investigators as exempt or noncompetitive lacks a reasonable basis, because the investigators act in a confidential capacity, and is therefore invalid.
 

 In each case, there should be an affirmance. Petitioners’ bare contention that the confidentiality expected of crimi
 
 *579
 
 nal investigators makes competitive classification of any investigators impracticable is insufficient to invalidate the classifications made. Moreover, it cannot be said that exempt classification of criminal investigators in some District Attorneys’ offices, by that fact alone, makes competitive or noncompetitive classification in other offices arbitrary.
 

 The Nassau County District Attorney’s Office, a relatively large office in a metropolitan county, employs numerous criminal investigators. The position of chief investigator and the two deputy chief investigator positions are classified noncompetitive, while the remainder of the positions are classified competitive by the Nassau County Civil Service Commission (see, generally, Civil Service Law, §§ 40-44;
 
 Matter of Gross-man v Rankin,
 
 43 NY2d 493, 499). After a hearing held on June 17, 1976, at which District Attorney Dillon presented his case for reclassification, the commission declined to reclassify the positions, finding that the duties and level of confidentiality had "not appreciably changed” since the matter had last been considered in 1968-1969. Special Term, noting that the positions "are of a confidential and sensitive nature”, granted judgment to petitioner annulling the determination of the Nassau County Civil Service Commission. A unanimous Appellate Division reversed.
 

 The Orange County District Attorney’s Office, a much smaller office, employs only three criminal investigators. The chief criminal investigator is classified "exempt”, while the senior criminal investigator and the criminal investigator are classified "competitive”. Petitioner Stagliano received a provisional appointment as criminal investigator on March 18, 1974. Subsequently, he took the competitive civil service examination for that position, and passed it, but did not score well enough to be eligible for permanent appointment. The Orange County District Attorney has not yet replaced Stagliano with anyone from the eligible lists submitted to him. On May 19, 1975, after the State Civil Service Commission denied the District Attorney’s request to reclassify the position as noncompetitive, petitioner brought this proceeding to direct the commission to place the position in the noncompetitive or exempt class. Special Term granted judgment to petitioner for reasons similar to those stated in the Nassau County case. The Appellate Division unanimously reversed.
 

 Petitioners contend that the confidentiality of the position of criminal investigator should prevent classification of the
 
 *580
 
 position as "competitive”. Petitioner Dillon seeks an "exempt” classification for all of his investigators; petitioner Stagliano would be satisfied with a "non-competitive” classification. Petitioners contend that qualities of character, not easily tested by examination, are required of criminal investigators. The exceptional confidential nature of the position, in particular, is advanced as a justification for exempt or noncompetitive status.
 

 An important factor to consider in deciding whether a position should be classified noncompetitive or exempt is whether it involves highly confidential duties
 
 (Matter of Meenagh v Dewey,
 
 286 NY 292, 307;
 
 Chittenden v Wurster,
 
 152 NY 345, 359). At the same time, the need for confidentiality, alone, does not mandate an exempt classification
 
 (Matter of Ottinger v Civil Serv. Comm.,
 
 240 NY 435, 442; cf.
 
 Matter of Simons v McGuire,
 
 204 NY 253, 260). Other factors may and should be considered, and presumably were considered in these cases.
 

 Classifications made by a civil service commission are subject only to limited judicial review. Only if the classification ' lacks any basis in harmony with the constitutionally mandated merit selection system for civil service employees may the determination be overturned by the courts in a proceeding in the nature of mandamus (see NY Const, art V, § 6;
 
 Matter of Grossman v Rankin,
 
 43 NY2d 493, 503-504,
 
 supra; Matter of Rooney v Rice,
 
 274 NY 347, 351-352;
 
 People ex rel. Schau v McWilliams,
 
 185 NY 92, 99).
 

 By way of caveat, it should be noted that these cases would be more difficult to resolve, even given the limited scope of judicial review in mandamus, had the respective Civil Service Commissions classified all criminal investigators "competitive”, or had petitioners challenged the refusal to classify even a small percentage of investigators as "exempt”. It may well be that a District Attorney is entitled to have one or, in a larger office, several investigators who enjoy his complete personal confidence. So, too, in the rare case, there may be a legitimate basis for creating a few positions for specialists outside the tenured career lines of appointment and promotion. There may be investigative tasks for which the trust of the District Attorney might be considered more important than any measurable objective characteristic.
 

 But petitioners do not make such challenges. Hence, such challenges were not before the commissions and are not now
 
 *581
 
 before the court. Instead, petitioners assert, in effect, that classification of any investigators as competitive is arbitrary and capricious. Petitioner Dillon makes no distinctions among the many investigative positions in his office. Petitioner Stagliano contends similarly that even the lowest-ranking investigator in the Orange County office may not be classified "competitive”. This absolutist position is unpersuasive.
 

 In
 
 Matter of Meenagh v Dewey
 
 (286 NY 292, 306,
 
 supra),
 
 involving classification of process servers in a District Attorney’s office, Chief Judge Lehman outlined the wisdom of classifying some positions within a given title exempt, and others competitive: "We may assume that the classification of twelve of the original sixty positions of process server in the exempt class, while forty-eight of the positions with that title were classified in the competitive class, was made because the Commission found that for the performance of some duties a few men were needed with special qualities for which an examination would furnish no practicable test. Ability to perform the routine duties of a process server would not prove fitness to perform those duties which, in the opinion of the Commission, could be performed only by men selected by the District Attorney because of their personal qualities”. More recently in
 
 Matter of Grossman v Rankin
 
 (43 NY2d 493, 504,
 
 supra),
 
 the court again acknowledged the propriety of similar titles with different civil service classifications. This same approach might be appropriate in dealing with criminal investigators and may, indeed, be what has motivated the Civil Sevice Commission to classify the top level investigators noncompetitive or exempt, while classifying other investigators competitive. In fact, the principle expressed by Chief Judge Lehman was repeated in a memorandum by Governor Malcolm Wilson accompanying his veto of a bill that would have provided exempt status for criminal investigators: "I can understand the need for exempt status of some investigators and confidential assistants. To the extent that the need can be shown for some, expecially those engaged in undercover work, to have exempt status * * * I assume that the relevant local and State civil service authorities would be sensitive to the particularized needs of criminal justice agencies, especially in a time of rising crime. This bill is not so limited, however, rather, it would extend exempt status to all investigators and confidential assistants, including those carrying out relatively routine, non-sensitive functions, and for that reason, I am
 
 *582
 
 constrained to withhold my approval of the bill.” (1974 Public Papers of Governor Malcolm Wilson, p 150.)
 

 Thus, the classification problem cannot be resolved by resort to absolutes. Just as petitioners’ argument that no investigators may be classified as competitive must be rejected, were the Civil Service Commission, in the face of a demonstrable need for some exempt or noncompetitive positions, to insist on classifying all positions competitive, that classification might well be struck down as unreasonable. On the record in these cases, however, the classifications cannot be termed arbitrary.
 

 On this analysis, it is not decisive that in some other counties, because of the possible or likely variation in local circumstances, all criminal investigators are classified exempt. There is a measure of flexibility allowed a civil service commission, beyond judicial review, in deciding whether to classify investigators "exempt”, and how many to so classify. While in some counties all investigators are classified exempt, in others all are classified competitive, and in still others, as in Nassau and Orange, there is a combination of classifications. The difference in treatment, taken alone, does not establish that any one classification or that the Statewide pattern is arbitrary. Instead, a petitioner must show that the determination by which he feels aggrieved cannot stand on any reasonable basis. Or a petitioner must show at least that the State-wide pattern is not based legitimately on local variations in conditions, office organization, availability and use of coexistent police resources, and the like. Even then for a petitioner to prevail he must show that the classification he seeks is the right one; it is not enough to show that a classification elsewhere is the wrong one. The petitioners in this case have not demonstrated any of these defects. But it does not mean that a proper case for excluding confidential investigators from the competitive class could never be made out.
 

 Accordingly, the orders of the Appellate Division should be affirmed, without costs.
 

 Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 In each case: Order affirmed.