■ In the Matter of WILLIAM M. BURKE, Appellant, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Pitt, J.), entered April 27, 1981 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul determinations of the Civil Service Commission regarding the classification of certain civil service positions. The New York State Department of Health, Office of Health Systems Management (OHSM) made three separate requests to the Civil Service Commission for classifications affecting six positions in the office of counsel. The first request, made on August 22, 1977, was for exempt classification for two new positions of assistant counsel. This request was approved by the Civil Service Commission on May 24, 1978. On February 22, 1979, OHSM made a second request for reclassification of two competitive positions to the title of associate counsel in the noncompetitive class. The commission, on July 17, 1979, approved this noncompetitive classification for a two-year period ending June 1, 1981. Meanwhile, on March 14, 1979, OHSM had made a third request for the creation of two additional exempt class positions of assistant counsel. The commission also approved this request on July 17, 1979. Petitioner, a permanent senior attorney in the Office of Counsel, New York State Department of Health, and an eligible on a certified list for appointment to the position of associate attorney, declared himself aggrieved by the above-enumerated determinations of the Civil Service Commission on the ground that such decisions denied him and others on the certified list promotional opportunities in violation of the Civil Service Law and the Constitution of the State of New York. Accordingly, on August 6, 1979, petitioner commenced this CPLR article 78 proceeding challenging all three determinations of the commission. Pursuant to a motion to dismiss the petition, Special Term granted the motion with respect to the May 24, 1978 determination holding that it was barred by the four-month Statute of Limitations set forth in CPLR 217. After the incumbents in the positions in controversy were joined as necessary parties, issue was joined and petitioner moved to transfer the matter to a Trial Term of the Supreme Court (CPLR 7804, subd [h]). Respondents cross-moved for summary determination on the pleadings and supporting papers. Special Term denied petitioner's motion for removal and dismissed the petition. This appeal by petitioner ensued. Initially, we note that petitioner's notice of appeal is from an order of Special Term entered April 27, 1981 which denied petitioner's application to remove the matter to a Trial Part of the Supreme Court and dismissed the petition. Although CPLR 5501 (subd [a], par 1) specifies that an appeal from a final judgment brings up for review "any non-final judgment or order which necessarily affects the final judgment", the prior order of Special Term dismissing part of the petition was final with respect to the two exempt positions approved by the commission on May 24, 1978. Where an intermediate order dismisses one of several causes of action or one of several challenges to distinct and multiple determinations of an administrative agency, as here, such order impliedly severs the struck action or challenge from the remainder of the complaint or petition (see *Sirlin Plumbing Co. v Maple Hill Homes,* 20 NY2d 401). Accordingly, the propriety of Special Term's earlier ruling dismissing that portion of the petition seeking to challenge the commission's May 24, 1978 order is not properly before us on this appeal. We now turn to petitioner's

578

argument regarding the merits of the two remaining determinations made by the Civil Service Commission on July 17, 1979. The scope of judicial review in a CPLR article 78 proceeding against the Civil Service Commission has been held to be limited to a determination of whether the commission's action was arbitrary and capricious (*Matter of Grossman v Rankin,* 43 NY2d 493, 502-503). The judicial review necessary to decide whether a determination of the commission is without a rational basis is limited to a review of the record and only if the classification lacks any basis in harmony with the mandated merit selection for civil service employees may the determination be overturned by the courts (*Matter of Dillon v Nassau County Civ. Serv. Comm.,* 43 NY2d 574, 580). Application of the "rational basis" test to a review of the commission's July 17, 1979 action in approving two positions in the exempt classification must begin with the recognition that section 6 of article V of the New York State Constitution mandates civil service appointments and promotions by competitive examination only "as far as practicable". The criteria necessary to invoke the constitutional exception, and, thus, to permit exempt classifications, are the confidential nature of the position, the performance of duties which require the exercise of authority or discretion at a high level, or the need for the appointee to have some expertise or personal qualities which cannot be measured by a competitive examination (see, e.g., *Matter of Grossman v Rankin, supra,* p 508; *Matter of Holcombe v Gusty,* 51 AD2d 868, 869). Here, a careful review of the record clearly shows that the exempt positions of assistant counsel approved by the Civil Service Commission required development of legal policies and programs for OHSM and the representation of OHSM's position at administrative hearings. Clearly, these are positions of trust and confidentiality warranting exempt classifications. Necessarily, it follows that petitioner has not sustained his burden of proving that this determination of the commission was without a rational basis and thus arbitrary and capricious (*Matter of Grossman v Rankin, supra*). Petitioner's challenge to the commission's determination reclassifying two positions as associate counsel in the noncompetitive class for a period of two years is also without merit. Respondents alleged that the positions of associate counsel demanded traits which could not be measured by objective standards. The occupants of these positions are involved in policy-making decisions in the politically sensitive area of public health and must be sensitive to ethnic and religious considerations requiring a special level of judgment. Furthermore, the determination of the commission that such positions be noncompetitive is authorized by subdivision 1 of section 42 of the Civil Service Law. Lastly, we reject petitioner's contention that Special Term erred in denying his motion to transfer this matter to a Trial Term of the Supreme Court pursuant to CPLR 7804 (subd [h]). Petitioner's argument is bottomed upon a statement contained in a decision of Special Term in connection with a prior motion in this proceeding to the effect that "the court cannot say at this pleading stage that the petitioner has wholly failed to state a case for any judicial relief". This statement was not a determination invoking the doctrine of law of the case binding another Judge at Special Term as a court of co-ordinate jurisdiction to transfer this matter to a Trial Term of the Supreme Court. Instead, the statement was made in a decision responding to a motion to dismiss the petition for failure to state a cause of action. At that stage Special Term, in the absence of an answer, merely had to test the adequacy of the petition's allegations to determine if they alleged a cause of action. The appealed judgment, made after issue was joined, was premised on petitioner's failure to allege facts supportive of the allegations set forth in the petition. Other than the conclusory assertion that OHSM contrived to promote incumbents by

classifying certain positions as either exempt or noncompetitive, petitioner's affidavits in support of his motion to transfer the matter and in opposition to the cross motion for summary relief are barren of any substantive allegations that should cause this court to disturb the commission's determinations and transfer the matter for trial. Having considered the remaining arguments raised by petitioner and found them to be without merit, we conclude that Special Term's judgment dismissing the petition must be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.