OPINION OF THE COURT
Harold Baer, Jr., J.
This is a CPLR article 78 proceeding instituted by petitioner, Michael P. Sexton (Sexton), against respondents the Chief Administrative Judge and the Classification Review Board of the Unified Court System of the State of New York (the Board).
In 1979, the then Chief Administrative Judge adopted a new classification plan for nonjudicial employees in the Unified Court System. As a result of that reclassification, Sexton’s former title, court clerk II, was changed to associate clerk. Sexton challenged that determination first by a direct appeal to the Chief Administrative Judge pursuant to 22 NYCRR 25.5 which was denied and from which review was not sought. Petitioner also sought review by the Board, which held that the reclassification was proper.
Sexton challenges the Board’s determination denying his request to reclassify his position as an "associate court clerk” in the civil branch of the New York County Supreme Court to either "court clerk specialist (JG 30)” or principal court clerk (JG 26).”
*324 Sexton claims that his former title should have been reclassified based upon his actual duties, i.e., "out-of-title duties,” rather than based on the "in-title” duties delineated in the former title specification for "court clerk II.” The Board, however, urges that pursuant to the Rules of the Chief Judge, title conversion is based upon "in-title” duties only, and does not consider the actual duties performed. (22 NYCRR 25.45.)
The determination of the Board was based on the procedure as provided in 22 NYCRR 25.45, which provides, in pertinent part: "The Chief Administrator of the Courts shall establish a classification plan for the positions of all nonjudicial officers and employees of the unified court system * * * which shall provide for the classification of positions in accordance with duties required to be performed in title in these positions, and in accordance with the responsibilities of the position and the volume of work in the court * * * in which the position exists.” (22 NYCRR 25.45 [a].)
Classifications made by a civil service commission are subject only to limited judicial review. (Matter of Dillon v Nassau County Civ. Serv. Commn., 43 NY2d 574, 580 [1978].) Thus, an agency determination will generally be upheld unless it is deemed irrational or unreasonable. (Matter of Consolidated Mut. Ins. Co., 60 NY2d 1, 8 [1983].)
The Board was granted, by administrative order, the power to reverse or modify a determination of the Chief Administrator "upon persuasive evidence that the determination is unjust and inequitable.” (Administrative order of Chief Administrative Judge Evans, Jan. 11, 1980.) Here, the Board’s determination has a rational basis, as it was based on the "in-title” reclassification plan developed by the Chief Administrator of the courts. (See, Judiciary Law § 39 [8]; 22 NYCRR 25.45.) The Board, in reaching its decision, compared the in-title duties of court clerk II to those set forth in the title standards for the newly created titles. Using that comparison, the Board concluded that title description of associate court clerk most nearly matched that of court clerk II. Based on the papers before me, petitioner has failed to demonstrate that his new job classification is the result of arbitrary, capricious or irrational conduct by the Board.
The Board has correctly refused to consider out-of-title duties in arriving at its decision. The Court of Appeals has consistently held that " 'the performance of out-of-title duties creates no right to reclassification to a new position involving *325 those duties’ (Matter of McGuiness v New York State Off. of Ct. Admin., 61 NY2d 279, 281 [1984] [quoting Matter of Gavigan v McCoy, 37 NY2d 548, 550-551 (1975)]; see also, Matter of Chase v Himber, index No. 17238/73 [Sup Ct, NY County 1983], affd 109 AD2d 1106 [1st Dept 1985].)
Finally, since the issues presented in this proceeding were straightforward and devoid of factual dispute, the cross motion for change of venue is denied.
Accordingly, the application is denied and the petition is dismissed.
This constitutes the decision and order of the court.