**Arthur GROSSMAN, Plaintiff Pro Se,**

v.

**Frederick A.O. SCHWARZ, Jr., Laurence Levy, Doron Gopstein, Edward I. Lieberman, Lorna B. Goodman, Thomas Bergdall, Saul Bernstein, Eugene Borenstein, Dennis DeLeon, Leonard Olarsch, Mary Barry, Steven Ertrachter, Derek Ishmael, and the City of New York, Defendants.**

No. 84 Civ. 3323 (JES).

United States District Court,
S.D. New York.

Feb. 8, 1988.

Arthur A. Grossman, Rego Park, N.Y., pro se.

Frederick A.O. Schwarz, Jr., Corp. Counsel for the City of New York, New York City, for defendants; Jeffrey E. Glen, Jonathan L. Pines, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff *pro se* Arthur Grossman brings this action pursuant to 42 U.S.C. § 1983 (1982), alleging that defendants have deprived him of his rights under the First Amendment. Plaintiff alleges that he was retaliated against and constructively discharged from his position as Associate Attorney in the New York City Law Department ("Law Dept.") because of protected speech. Defendants move to dismiss the amended complaint, plaintiff moves for a change of venue, and both sides move for costs pursuant to Fed.R.Civ.P. 11. For the reasons that follow, all of these motions are denied.

In 1970, while employed as an Associate Attorney with the Law Dept., plaintiff brought an Article 78 proceeding against J. Lee Rankin ("Rankin"), then Corporation Counsel, challenging the hiring of non-civil service attorneys to the Law Dept. Plain-

tiff later brought suit against Allen Schwartz, Rankin's successor as Corporation Counsel, and others in federal court, alleging violations of his First Amendment rights. He argued that they had made it difficult for him to prosecute the earlier suit against Rankin. The later suit was voluntarily discontinued in May, 1982.

Plaintiff argues that the defendants in this action retaliated against him for bringing the Rankin suit. He argues that Frederick A. O. Schwarz, Jr., the successor to Allen Schwartz as Corporation Counsel, coerced plaintiff into dropping the action against Allen Schwartz. In addition, plaintiff sues City employees whom he claims improperly gave him a less than satisfactory evaluation, members of the Agency Service and Review Board, and several coworkers whom he alleges harassed him. He alleges that all these actions were done to harass him for exercising his First Amendment rights. He is also suing the City of New York.

■ In examining a § 1983 claim based on the First Amendment, the Court must determine whether the employee's speech is protected and then must balance the employee's interest in making a statement against the employer's interest in curtailing it. *See Rankin v. McPherson*, —— U.S. ——, 107 S.Ct. 2891, 2896, 97 L.Ed.2d 315 (1987); *Pickering v. Board of Education*, 391 U.S. 563, 568, 88 S.Ct. 1731, 1734–35, 20 L.Ed.2d 811 (1968). While government employers may not penalize an employee for the exercise of protected speech, the employer does have an interest in maintaining an efficient workplace. *See Rankin, supra*, 107 S.Ct. at 2896. To merit protection, however, the speech at issue must first involve a matter of public concern, *see Connick v. Myers*, 461 U.S. 138, 146, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983), an issue which the Court determines as a matter of law based on the content and form of the speech, the context in which it arose, and the degree of public interest in the speech, *see Rankin, supra*, 107 S.Ct. at 2896–97; *Connick, supra*, 461 U.S. at 147–48, 103 S.Ct. at 1690–91.

■ In plaintiff's suit against J. Lee Rankin, *Grossman v. Rankin*, 43 N.Y.2d 493, 373 N.E.2d 267, 402 N.Y.S.2d 373 (1977), plaintiff contested the exempt classification of Assistant Corporation Counsel positions under New York State law and the State Constitution. Such a classification requires neither a competitive nor noncompetitive examination for employment. *See id.* at 499, 373 N.E.2d at 269, 402 N.Y.S.2d at 374–75. In *Connick*, the Court noted the "demonstrated interest in this country that government service should depend upon meritorious performance rather than political service." *See Connick, supra*, 461 U.S. at 149, 103 S.Ct. at 1691. It follows that the issue raised in the Rankin suit, *i.e.*, how lawyers representing New York City are selected and whether state constitutional provisions are being followed, does involve a matter of public concern.

■ Plaintiff's original complaint was dismissed because it failed to state that the harassment alleged was in retaliation for his bringing the Rankin suit. *See Grossman v. Schwarz*, No. 84 Civ. 3323 (CBM), slip op. at 7 (S.D.N.Y. Jan. 3, 1986) (Motley, C.J.) [Available on WESTLAW, 1986 WL 739]. Plaintiff now makes this allegation, and therefore the motion to dismiss must be denied.

Defendant City of New York argues that it cannot be held liable because under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a local government may only be sued under § 1983 when the activity alleged reflects official policy. *See id.* at 694, 98 S.Ct. at 2037. However, if officials with final authority perform the activity or if senior officials acquiesce in the actions of their subordinates, the activity may constitute official policy. *See Krulik v. Board of Educ.*, 781 F.2d 15, 23 (2d Cir.1986). Here, there are genuine issues as to whether the acts of the defendants may be considered official policy rendering the City liable under § 1983.

■ Defendants also argue that the statute of limitations on this action has run. In *Okure v. Owens*, 816 F.2d 45 (2d Cir.

1987), *petition for cert. filed,* 56 U.S.L.W. 3017 (U.S. July 6, 1987), the Court of Appeals held that a three-year limitations period under New York law would apply for actions brought under § 1983. *See id.* at 49. Here, plaintiff alleges that these defendants harassed him because of his bringing the Rankin suit up to the time he left the Law Dept. in 1984, well within the three-year period before the filing of suit on May 11, 1984. For all the foregoing reasons, the defendants' motion to dismiss the complaint is denied.

■ Plaintiff also moves for a change of venue to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a) (1982). A motion for a change of venue is generally granted only for the convenience of the parties or witnesses, and is not ordinarily granted at the request of the party who chose the forum in the first place. Here, plaintiff has chosen to sue in this district and has actively litigated here. In addition, the actions alleged took place here, and the distance between the Southern and Eastern Districts is not a significant factor. Since the plaintiff has not demonstrated that the Eastern District of New York is a more convenient forum, *cf. Dow Jones & Co. v. Board of Trade,* 539 F.Supp. 190 (S.D.N.Y.1982), the motion for a change of venue is denied.

Both parties have moved for costs pursuant to Fed.R.Civ.P. 11. Although the Court has denied all the motions, it does not find them to lack a colorable basis in existing law or a good faith argument for the extension of existing law. Therefore the motions based on Rule 11 are denied.

For all the foregoing reasons, defendants' motion to dismiss, plaintiff's motion for a change of venue, and cross-motions for Rule 11 sanctions are denied. All parties shall appear at a Pre–Trial Conference on February 16, 1988 at 5 PM.

It is SO ORDERED.