OPINION OF THE COURT
Emily Jane Goodman, J.
In this CPLR article 78 proceeding, petitioner Burton Herman (Herman) moves pursuant to CPLR 6301 for a preliminary injunction restraining respondent New York State Attorney-General Dennis C. Vacco (Vacco) from removing petitioner from his position as an Assistant Attorney-General pending final determination of his application to compel reclassification of his position and prohibiting termination of his employment during the holdover period and pending consideration of reclassification. Respondents cross-move to dismiss the application on the grounds that the challenge to classification is time barred and that as an at-will employee petitioner’s employment may be terminated at any time, including during a purported hold-over period.
Thirty years ago, in January 1965, Attorney-General Louis J. Lefkowitz appointed petitioner to the position of Assistant Attorney-General in the Department of Law, Litigation Bureau. Petitioner served through the end of Mr. Lefkowitz’s term and continued in his post through the successive administrations of Attorneys-General Robert Abrams and G. Oliver Koppell.
On January 3, 1995, Dennis Vacco succeeded to the post of Attorney-General of this State. Later that month Vacco’s Deputy of Administration requested that Herman and approximately 500 other Assistants compile their resumes and reapply for their positions or any other position in the Law *881 Department. Vacco did not request resignations from the Assistants. Herman did as requested and submitted his resume for consideration. Herman was subsequently informed, on June 2, 1995, that despite his service of 30 years, his employment had been discontinued effective close of business on June 16, 1995.
Petitioner challenges his dismissal as unauthorized on the grounds that it violates the hold-over provisions of Public Officers Law § 5 and was improperly classified as "exempt” under Civil Service Law § 41 (1) (b).
The Attorney-General cross-moves to dismiss on the grounds that under article XIII, § 2 of the State Constitution, Herman was an at-will employee without specific term who served at the pleasure of the appointing authority, the Attorney-General, and could be removed by him at any time.
Article XIII, § 2 of the State Constitution provides as follows: "When the duration of any office is not provided by this constitution it may be declared by law and if not so declared, shall be held during the pleasure of the authority making the appointment.”
However, article V, § 6 of the State Constitution provides that "[appointments and promotions in the civil service of the state and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which as far as practicable, shall be competitive.”
As Judge Fuchsberg of the Court of Appeals wrote, "[f]rom this constitutional imperative there must be no flinching for '[i]f the beneficent merit system with competitive examinations is [undermined] * * * not alone might incompetence be thus permitted, but favoritism or discrimination might thus be enabled to raise its ugly head’ ” (citations omitted). (Matter of Grossman v Rankin, 43 NY2d 493, 507 [Fuchsberg, J., concurring in part and dissenting in part].) In other words, under our Constitution, neither elected officials, Judges or legislators have wide latitude in exempting civil service positions from a competitive exam classification. (Supra.)
Neither the Constitution nor the Civil Service Law make any exception for trained professionals generally or for lawyers. To the contrary, Judge Fuchsberg again wrote: "[t]hat certain lawyering qualities may not readily be measured by competitive examination is an insufficient premise for finding 'impracticability’ in the strict constitutional sense relevant *882 here (see Matter of Fink v Finegan, 270 NY 356, 362-363). Nor is the fact that the position will require the exercise of judgment and discretion, or the assumption of individual responsibility of the kind which characterizes most legal employment, in itself a reason for exemption. Numerous nonlegal governmental positions call upon similar qualities. So it is no disparagement of the often unique attributes of members of the Bar to recognize that a significant share of their skills are measurable by examination. Indeed, at the entry stages of their careers — particularly before, during, and at the end of their educations — they are subjected to an examination process at least as rigorous as that of any other vocation.” (Matter of Grossman v Rankin, 43 NY2d, at 508, supra.)
Pursuant to the provision in the Constitution that appointments be made, as far as practicable, by competitive exam, the Legislature has provided in section 41 (1) of the Civil Service Law:
"The following offices and positions shall be in the exempt class:
"(b) the deputies of principal executive officers authorized by law to act generally for and in place of their principals * * *
"(e) all other subordinate offices or positions for the filling of which competitive or non-competitive examination may be found to be not practicable.”
The Court of Appeals has established the test for scrutinizing the classifications: "[I]f the classification lacks any basis in harmony with the constitutionally mandated merit selection system * * * the [civil service] determination [may] be overturned by the courts in a [mandamus] proceeding”. (Matter of Dillon v Nassau County Civ. Serv. Commn., 43 NY2d 574, 580.)
In Dillon (supra), the Court rejected a challenge by County District Attorneys to the nonexempt classification of criminal investigators. The Court noted that an "absolutist” position that all investigators should be exempt was "unpersuasive”, and, instead, examined factors such as the number of positions and the varying degrees of confidential work done by different investigators. The Court analogized its "non absolutist” approach with respect to investigators to its recognition in Gross-man v Rankin (supra) of the propriety of classifying some Assistant Corporation Counsel positions as exempt and others as nonexempt.
In this case, the State asks the court to adopt what is essentially the absolutist position rejected in Dillon (supra). The *883 record here indicates that there are approximately 500 Assistant Attorneys-General who have been put on notice by Vacco that he may summarily terminate their positions. Petitioner’s sworn affidavit states that his position was never one of "deputy” within the meaning of section 41 (1) (b) of the Civil Service Law, and that he did not exercise authority at a high level. Respondent has not submitted any evidence to refute these claims. Respondent asserts in its papers that if it is required to answer it will show that the Civil Service Commission has properly reviewed and classified every vacant Assistant Attorney-General position as exempt. On this record, the court, mindful of the examinations required of attorneys to earn licenses, cannot determine whether the position involves skills that are not measurable by ordinary testing. Respondent has not shown any basis for the determination by the Civil Service Commission to classify the position as exempt, as it is required to do.
I note that the number of Assistants has increased dramatically since the 1700’s, when the State Constitution created the presumption that positions shall not be exempt. Perhaps the small number of Assistants in the 1700’s actually were Deputies or otherwise were properly classified as exempt. However on this record it cannot be determined that the 500-plus persons holding that position today are likely to fit into the exempt category. Indeed, it is one thing for the constitutional drafters to permit a handful of patronage positions to the Attorney-General, it is quite another to find constitutional authority for 500 such positions.
Because the record is devoid of any showing that the position was properly exempt, and because the Constitution clearly guides the court to prevent the evils of favoritism and patronage, political or otherwise, the petition is granted to the extent of ordering a hearing to determine whether the petitioner’s position of Assistant Attorney-General is properly exempted from the competitive designation pursuant to the merit and fitness requirements of article V, § 6 of the New York Constitution. Pending the determination at the hearing, respondent is enjoined from terminating petitioner’s position.*
Accordingly, it is ordered, the motion to dismiss the claim against the Civil Service Commission and Dennis Vacco chal *884 lenging the classification of the position is denied; and it is further ordered, respondents are directed to serve an answer within 20 days after service of a copy of this order containing notice of entry, and it is further ordered, the motion for a preliminary injunction shall be set down for a hearing.

 [2] The court also notes that, contrary to Vacco’s position, the Statute of Limitations does not bar this challenge as "[t]he exercise of a power which offends against the Constitution may be attacked at any time”. (Lutheran Church v City of New York, 27 AD2d 237, 239 [1st Dept 1967].)