■ In the Matter of BURTON HERMAN, Respondent, v DENNIS C. VACCO, as Attorney-General of the State of New York, et al., Appellants. [650 NYS2d 232] —Order, Supreme Court, New York County (Emily Goodman, J.), entered on February 9, 1996, enjoining respondents from terminating petitioner's appointment as an Assistant Attorney-General pending hearings challenging the classification of his position as exempt, and denying respondents' cross motion to dismiss the proceeding, unanimously reversed, on the law, without costs, the injunction is denied, the cross motion is granted, and this proceeding is dismissed.

Petitioner was appointed to his position by former Attorney-General Louis J. Lefkowitz, effective January 1968. He served through the administrations of Robert Abrams and G. Oliver Koppell, and was notified of his termination by the present incumbent, respondent Vacco, effective June 1995. The letter of appointment, dated December 14, 1967, made clear that petitioner would hold his position at the pleasure of the Attorney-General, and specifically provided that the appointment was "terminable by me at will." Accordingly, petitioner had no right of entitlement in the position (*Matter of Hopkins v Lefkowitz*, 48 NY2d 901, *affg* 62 AD2d 674), and thus no holdover status under Public Officers Law § 5, which protects an appointee after expiration of "the term for which he shall have been chosen".

Furthermore, the petition is untimely (CPLR 217). At the time of his appointment, petitioner was well aware of the benefits of assuming a position exempt from competitive examination. It is too late for him now to claim lack of notice of such status, and any real or perceived aggrievement thereunder (*90-92 Wadsworth Ave. Tenants Assn. v City of N. Y.*

*Dept. of Hous. Preservation & Dev.*, 227 AD2d 331). Concur—Rosenberger, J. P., Wallach, Kupferman, Nardelli and Mazzarelli, JJ. *[See,* 167 Misc 2d 879.]